## SUPREME COURT.

THE HURRICANE PATENT LANTERN COMPANY agt. EDWARD
MILLER & Co. and G. W. WOODWARD.

*Trade-mark — what does not constitute an infringement of.*

In a suit to restrain the use of trade-marks alleged to be simulated, if it
appears by the testimony that the marks used by the defendants, though
resembling those of the plaintiffs in some respects, have not deceived
and are not likely to deceive the ordinary mass of purchasers paying the
attention which such persons usually do in buying the article in ques-
tion, an injunction will not be granted.

Where the alleged imitation by the defendants of the plaintiffs' trade-
mark consisted, among other things, in the directions for the use of
the article, which directions were identical with those printed on the
plaintiff's label.

*Held*, that this did not constitute an infringement of the plaintiffs'
trade-mark.

*Held*, also, that the words "*tempest*" and "*hurricane*" are not to be
regarded as so similar as to warrant the conclusion that the public is
liable to be misled into believing that the articles to which these words
are applied are of the same manufacture.

*Special Term, September*, 1878.

*Mr. Blanke*, for plaintiffs.

*Mr. Betts*, for defendants.

LAWRENCE, *J.*— A perusal of the testimony in this case
has strengthened the impression which I formed upon the
trial, that the defendants have done nothing which entitles
the plaintiffs to the injunction prayed for in the complaint.

The testimony establishes to my satisfaction that although the defendants intended to manufacture and place upon the market a lantern which should possess essentially the same features, as to quality and character, as the plaintiffs' lantern, they have not been guilty of an infringement of any of the plaintiffs' rights. Nor can I find upon the evidence that in point of fact the public has been deceived, or is likely to be deceived, by the resemblance between the pictures of the lanterns respectively shown upon exhibits A and B, attached to the complaint. The language of the two exhibits is identical, but the plaintiffs cannot claim an exclusive right to the use of such language. They can have no copyright in it.

If the resemblance between the pictures of the lanterns, shown upon exhibits A and B, had been so close and striking as to convince me that the defendants intended to perpetrate a fraud upon the public, and to represent their goods as those of the plaintiffs, the fact that the language of the circulars was identical would have been important.

But the pictures referred to are so dissimilar that they cannot, in my opinion, be mistaken as intended to represent the same article by any but the most careless observer. This case, therefore, falls within the principles laid down in .*Falkinburgh* agt. *Lucy* (*American Trademark Cases, pp.* 459 and 460, *and in the cases there cited*).

In *Falkinburgh* agt. *Lucy*, as in this case, the alleged imitation by the defendant of the plaintiff's trade-mark consisted, among other things, in the directions for the use of the article, which directions were identical with those printed on the plaintiff's label, and yet it was held that this did not constitute an infringement of the plaintiff's trade-mark (*See, also, Tallcott* agt. *Moore*, 6 *Hun*, 106 ). I do not regard the words " tempest " and " hurricane " as so similar as to warrant the conclusion that the public is liable to be misled into believing that the lamps are of the same manufacture.

Such being my conclusion, it follows, under all the authorities, that the defendants have been guilty of no wrong of

which the plaintiffs can complain, and that the plaintiffs are not entitled to the injunction which they seek ( *See Tallcott agt. Moore*, 6 *Hun*, 106; *Partridge* agt. *Menck*, 2 *Sand. Ch.*, 622 ; *same case*, 2 *Barb. Ch.*, 104, 105 ; *Snowden* agt. *Noah*, *Hopkins Ch.*, 347 ; *and American Grocer Pub. Assn.* agt. *Grocer Pub. Co.*, 51 *How.*, 404 ). There should, therefore, be judgment for the defendants.

Findings may be settled on five days' notice.